Francis R. Ross, Plaintiff in Error, v. Marvin Davis, Defendant in Error.—139 S. W. (2d) 542.

Kansas City Court of Appeals.   April 1, 1940.

*Horace Merritt* for plaintiff in error.

*Ronald S. Reed* for defendant in error.

SPERRY, C.—This is a replevin suit, instituted in justice court, where defendant had a judgment. Plaintiff appealed to circuit court and there the case was stricken from the docket on the court's own motion. Thereafter, plaintiff filed a motion, in circuit court, in the nature of a writ of error *coram nobis,* the purpose being to have the judgment of dismissal set aside and the case re-instated on the docket. Said motion was argued to the court, and by the court overruled. Plaintiff then filed motion for new trial on said motion and same was overruled. From the adverse ruling of the court on the motion in the nature of a writ of error *coram nobis,* plaintiff sues out writ of error in this court. We will refer to the parties as plaintiff and defendant, in the order they appeared in circuit court.

The record, brought here by plaintiff, does not purport to contain, nor does plaintiff allege that it does contain, a transcript of the record of the various justice courts, three in number, where plaintiff states that the cause was considered at various times, and final judgment was eventually rendered. It does not show any orders of the justice court, or of any of said three justices' court which, plaintiff states, considered the case; nor is there any showing of record of the filing of affidavit for appeal; or of the granting of the appeal to the circuit court. There is shown a copy of what purports to be a "statement" in replevin filed in a justice court, also an order of delivery and summons, according to plaintiff's statement; and a copy of what is said to be the constable's return by the constable, which purported return is not shown to have been signed by any officer, but was, apparently, merely signed by two individuals.

According to plaintiff's statement, contained in his abstract, judgment was rendered in justice court on December 28, 1936, . . . . "and said appeal being taken and allowed less than ten days before the January, 1937, term of said circuit court was returnable to the

May, 1937, term thereof; and same was docketed for that term, . . ." There is no record of the circuit court showing how or when said case ever got on the docket, or that it was ever docketed, if it was docketed, or that *any* continuance was ever granted.

Plaintiff himself states that the *first* circuit court record entry concerning this case appears under date of July 9, 1938, some eighteen months after he says it was tried in justice court and appealed. Said entry is as follows:

"This cause is stricken from the docket. It is therefore ordered, adjudged and decreed by the court that the plaintiff take nothing by this suit, and that the defendant go hence without day and have and recover of and from the plaintiff and from W. F. Ross, surety on plaintiff's appeal bond his costs herein expended and have therefor execution."

The above is the *first* entry made relative to this case, according to the record brought here. The next was some three months thereafter, during the next term of court, and relates to the filing of verified motion in the nature of a writ of error *coram nobis*, which motion, after hearing, without evidence, was overruled.

While plaintiff contends here, and proceeds on the theory, that the court struck the case from the docket and rendered judgment for costs against plaintiff because of plaintiff's failure to prosecute, yet the court gives no such reason, nor any reason at all, for his action. But if such contention be true, as alleged, the court was justified in so doing in a case where it had been on the docket, as claimed, for eighteen months, with *no entry whatever* concerning it. But plaintiff says, in his "motion," that he did not ask for trial at the May, 1938, term, because defendant had agreed that the case would not be tried on such terms. Even so, such a fraud, if it be a fraud, or such a mistake, if unknown to the court, (the record is silent as to the court's knowledge), cannot form the basis for relief under an application for a writ of error *coram nobis*, for the reason that such fact was not a fact *"pertinent to the issues* in the case, . . ." and was a mere extraneous matter. (Italics ours.) [Jeude v. Sims, 258 Mo. 26, l. c. 41.]

If it be true, as stated by plaintiff, that some announcement as to the grounds or agreement for continuance was made before the court (although no record thereof is shown), then such fact was known to the court when the order and judgment was made, and, therefore, cannot form the basis for relief under a writ of error *coram nobis*. [Jeude v. Sims, *supra*, l. c. 42.]

But we do not know, except what plaintiff says off the record, that the cause was stricken because of failure to prosecute. Perhaps the court may have struck it, of his own motion, because of lack of jurisdiction. The record before us fails to show that the case ever properly reached the circuit court; or that a legal judgment was entered in

justice court from which an appeal could be taken; or that proceedings in the various justice courts were regular or legal; or that a proper application and affidavit for appeal was ever filed; or that the appeal was granted at all; or that, if granted, same was done within the legal time limit.

We cannot know, without a proper complete record, what moved the court to take the action it did take. Therefore we cannot convict the trial court of error. [Crain v. Hartford Fire Ins. Co., 267 S. W. 50; Wright v. Met. Life Ins. Co., 122 S. W. (2d) 375, 376.]

We examine the abstract of the record, on our own motion, to determine if the record is so deficient as to prohibit a review of the matters upon which we must pass judgment. [Lawyers Cooperative Co. v. W. H. H. Piatt, 128 S. W. (2d) 1072, et seq.]

While plaintiff contends that the judgment rendered by the court, touching the merits of the case, is void, in view of the action of the court in striking the case from the docket, that question is not before us.

The judgment is affirmed. *Campbell, C.,* concurs.

PER CURIAM:—The foregoing opinion of Sperry, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.